PARIENTE, J.,
specially concurring.
I agree that the statutory attorney-client privilege has not been expressly abrogated by the Legislature in first-party statutory bad faith claims arising under section 624.155, Florida Statutes. However, it is undeniable that an attorney’s interaction with the insurer during the time that the decision is being made to pay or deny the claim is often an important consideration in determining the critical issue of whether the insurer has acted in good faith in handling the claim.
The insurers’ duties set forth in section 624.155 to act “fairly and honestly toward [their] insured and with due regard for her or his interests” imposes a statutory obligation in first-party claims that is identical to the common law duty of good faith imposed on insurers in third-party claims. This was the essence of our holding in Allstate Indemnity Co. v. Ruiz, 899 So.2d 1121 (Fla.2005), which recognized the critical role that discovery of the claims file played in bad faith claims and held that there should not be “artificial and disparate discovery rules between first- and third-party bad faith claims.” Id. at 1129. “There simply is no basis upon which to distinguish between first- and third-party cases with regard to the rationale of the discoverability of the claim file type material.” Id.
As stated by this Court in Ruiz, access to the underlying file materials is required in order to “determine whether an insurance company has processed, analyzed, or litigated a claim in a fair, forthright, and good faith manner.” Id. at 1124. Indeed, the claims file is often the essential evidence that will either demonstrate that the insurer acted in bad faith or the opposite— that the insurer handled the claim in a “fair, forthright, and good faith manner.” *1070 Id. Yet, while we strived in Ruiz to level the playing field in the critical area of discovery between first- and third-party bad faith cases, we must acknowledge that we do not have the independent authority to abrogate the statutory attorney-client privilege, even in the context of bad faith claims.
I would, however, emphasize that where an insurer utilizes an attorney to investigate or evaluate the underlying claim and not to render legal advice, these materials would not be protected. Rather, the rationale of Ruiz would apply. However, cases may arise where an attorney investigates or evaluates the underlying claim and renders legal advice. Thus, the underlying file materials requested by the opposing party may arguably implicate both the work product rule and the attorney-client privilege.
Accordingly, where a claim of privilege is asserted, the judge should conduct an in camera inspection to determine whether the sought-after materials are truly protected by the attorney-client privilege or whether the materials pertain to the investigation or evaluation of the underlying claim. To the extent that the materials would implicate the work product rule and not the attorney-client privilege, the rationale of Ruiz would apply and those portions of the materials would be discoverable.
In this case, the trial court did not conduct an in camera inspection of the documents. Rather, the trial court ordered production of Provident’s entire litigation file, including all correspondence and communications made between the attorneys representing Provident and Provident’s agents regarding Genovese’s claim for benefits. Therefore, on remand, it is essential that an in camera inspection take place to discern whether the objected-to documents are discoverable under the principles we announce.
LEWIS, LABARGA, and PERRY, JJ., concur.